**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-60001
(Summary Calendar)

CAROLYN J. McCANN,

Plaintiff-Appellant,

versus

JOHN J. CALLAHAN, Acting Commissioner of Social Security,

Defendant-Appellee.

.

Appeal from the United States District Court
for the Southern District of Mississippi
(4: 95-CV-54LS)

July 16, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Carolyn J. McCann appeals from the decision of the district court affirming the Commissioner of Social Security's denial of disability benefits. McCann contends that the Administrative Law Judge (ALJ) erred by failing to obtain the testimony of a vocational expert (VE); that the description of her former job in the DICTIONARY OF OCCUPATIONAL TITLES indicates that the job is inappropriate for an individual with pulmonary sarcoidosis; that the ALJ was required to obtain a medical assessment

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding her physical exertion abilities; and that the Commissioner's decision was not supported by substantial evidence.

At the outset, we note that McCann did not raise her VE argument in the district court. This court reviews arguments not raised in the district court for plain error. *Douglass v. United Serv. Auto. Assn.*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). McCann has shown no plain error regarding that argument. Specifically, the Commissioner disposed of McCann's claim at step four of the five-step sequential process used to analyze social security disability claims; the use of a VE occurs at step five. Thus, we hold that McCann's claim is without merit.

Similarly, McCann did not raise her argument regarding the DICTIONARY OF OCCUPATIONAL TITLE before the Appeals Council. We will not consider that argument independently of her substantial-evidence argument. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994). Likewise, we will not consider McCann's argument that the ALJ failed to obtain a medical assessment from a physician regarding her physical strength limitations. *Id.*

Finally, the district court did not consider whether to allow McCann to amend her complaint to argue that her thyroid problems contributed to her alleged disability; the record provides substantial evidence to support finding that her thyroid condition was a minimal impairment. *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). Regarding McCann's other impairments, her residual functional capacity, and her ability to return to her past relevant work, we affirm for essentially the reasons relied on by the district court. *See McCann v. Chater*, No. 4: 95-CV-54LS (S.D. Miss. Sept. 19, 1996).

AFFIRMED.